This morning, one submitted. The first case today is appeal number 22-1412 Malalieu v. McDonough. Mr. Carpenter. Thank you, Your Honor. May it please the Court. Kenneth Carpenter appearing on behalf of Charles Malalieu. At issue in this appeal is the scope of the outcome determinative analysis that was undertaken by the Board of Veterans' Appeals and affirmed by the judge. Mr. McDonough. Just so I understand your briefing, I mean, you argued Bustos, you argued Cook, you argued Blanton, right? Kenneth Carpenter. Oh, yes. Yes. I'm sorry. Mr. McDonough. Okay, so you argued all these cases about Kenneth Carpenter. Manifest a different outcome. Mr. McDonough. Right, Q claims. And in all those cases, my understanding is we've interpreted 5109-A-Q to be a term of art that requires an error to be outcome determinative. Kenneth Carpenter. Great. Mr. McDonough. Are you disputing that today? Kenneth Carpenter. No. Mr. McDonough. Okay. Kenneth Carpenter. No. Mr. McDonough. It sounded like you were in the briefing, but now you're not. Kenneth Carpenter. Well, I apologize. Mr. McDonough. Let's find out what your appeal is today. Okay, what is it about? Kenneth Carpenter. Well, let's try to put this in context first. This is a pro se claim of clear and unmistakable error in which the Board of Veterans' Appeals in 2018. Mr. McDonough. What is the legal error? Kenneth Carpenter. The legal error found by the Board in 2018. Mr. McDonough. What is the legal error you are raising today? Kenneth Carpenter. Oh, I'm sorry. The interpretation that we believe the Veterans Court relied upon of the controlling statute, which is 5109-A, as it relates to the question of scope of the outcome determinative analysis made by the Board. The question... How is that different than what you argued in the Blanton case? Can you just explain to me how that's different, your argument today? Kenneth Carpenter. Well, it's different factually because in this case, there was an actual finding of clear and unmistakable error made upon a different theory of error. In other words, the error found by the 2018 Board decision was that the 1968 decision had made a undebatable error that Mr. Malahue had an irritable duodenal bulb. In fact, he did not have a preexisting condition as found by the 2018 Board. The Board then made an analysis under the outcome determinative structure that was inclusive only of whether or not he could or could not have prevailed based upon the fact that his condition was not previously existed. Which means that there was no adjudication by the agency of original jurisdiction of the matter on the merits of his entitlement to either direct or presumptive service connection. The original decision was made only on aggravation. There isn't any dispute amongst the parties that that was a clear and unmistakable error made in 1968. So the question is, did the evidence show or didn't it show a basis for revision or reversal? You're saying the VA has conceded that what happened in 1968 was clear and unmistakable error? Yes. Doesn't clear and unmistakable error include an outcome determinative component? Aren't you confusing an error, which was a factual or an application of law to fact error here, with clear and unmistakable error? I do not believe so, Your Honor. The distinction... I've already said over and over again, and hasn't the Supreme Court said that in George and Cook that this... I know you don't agree with this, but we said it over and over again. No, I agree with that, Your Honor. That Q is not just an error, it's an outcome determinative error. Right. And the question is... The VA has not conceded that there's an outcome determinative error here. Have they? No, they have not. Right. They've... So then they haven't conceded that it was a clear and unmistakable error. There's an error... And with respect, Your Honor, that's the question that we're presenting under the interpretation of the statute. The statute does not say manifest... Or excuse me, that it must be manifested as an outcome. That's a function of the judicial interpretation. But that... I mean, that argument has been overtaken by all this precedent that said the statute merely codified this long regulatory history. I went back and read George this morning. Yes. And it says exactly that. Clear and unmistakable error... I mean, you know this... Yes, I do. Has included outcome determinative, right? Yes, Your Honor. But the question is, how is outcome determinative to be considered when the finding of Q was based upon a determination that there was no pre-existing condition? Are you saying that outcome determinative hasn't been decided? That it must relate to the error, Your Honor. Well, they... And the reason that the government agreed to a joint remand that vacated the 2018 decision was to consider whether or not presumptive service connection would change or alter that outcome determinative analysis. And what was the finding on the remand? And that... Why it wouldn't, right? Well, they determined that it wouldn't, but they did so by adjudicating the merits, which we believe exceeds the scope of the outcome determinative analysis. The intention of the outcome determinative analysis is to look at the error. Because when I read your briefing, your briefing is so focused on trying to relitigate what kind of error is required in order to be a clear and unmistakable error. You kept on quoting like, I don't know, 15 times a sentence from 5109A, if evidence establishes the error, the prior decision shall be reversed or revised. And took your argument over and over again to be essentially any kind of error is enough to be clear and unmistakable error. And that runs right into the teeth, as you know, Bustos and Cook and Blanton, where we said over and over, clear and unmistakable error, as that term is used in 5109A, is a particular term of art when it comes to Q claims. And it refers to outcome determinative errors, also known as manifestly different results or manifestly different outcome type of errors. That's what we said in Bustos. That's what we said in Cook. We said it to you again in Blanton. So when the statute later on says, if evidence establishes the error, then the decision shall be reversed, the error that the statute is referring to is in the prior sentence of clear and unmistakable error. So your statutory argument, which is what your briefs were devoted to, have no merit. And so I don't understand really why we're arguing anything any further this morning. I'm attempting to establish that in the facts of this case, there was a determination that there was an undebatable error made, which at least establishes the first component... Are you equating undebatable error with outcome determinative? No, I'm simply saying that there was a determination made that there was an undebatable error made in the language of the statute. Why are you using the word undebatable? What work is that doing for you? I mean, there's either an error or there's not. You know, it sounds like you're trying to establish this third class of errors, that there's this error, there's undebatable error, and there's clear and unmistakable error. All I mean is the Veterans Court and the Board have determined there was an error in the original decision. Right, Your Honor. And then once that happens, as I read the statute, you are required to reverse or revise. The question then becomes... But that's just wrong. I mean, that's just flat out wrong. All right. The only reason you have to reverse or revise is if there's clear and unmistakable error. And the Board here, affirmed by the Veterans Court, determined that there wasn't clear and unmistakable error. And we can't review that factual determination. Then clearly, the panel is not prepared to accept my briefing or my argument, and I'm not sure I want to waste your time. I appreciate that. I think even if we were receptive, we are bound by all this caseload, which reads a clear and unmistakable error into that language that you're quoting us about reverse and revise. And you don't have a clear and unmistakable error here, right? I believe there is. Yeah, but you can't argue that to us. You know you can't argue that to us because that's fact. No, Your Honor, I believe that's a question of law. That as a question of law... You have a different conception, a legal conception of what clear and unmistakable error means. I understand that. We rejected that when you made that argument in Bustos and in Cook. I mean, you're free to try to climb the mountain again and file another NBank petition for rehearing, of course, in this field. Thank you. Unless there's further questions, I don't believe it's of value for me to continue. Is there anything from the government? Thank you, Your Honor, and may it please the court. I guess I'll be brief and just make one point just to emphasize that the VA did not concede clear and unmistakable error. It acknowledged that there was an error, but with respect to Q, it has to be outcome determinative, and as it's been recognized, that runs headlong into Cook-Bustos in this most recent Supreme Court case from George. So I'm happy to answer any questions, but if there's nothing further, we just ask that the court affirm the decision of the Veterans Court. Okay, thank you. Nothing further? Okay. Thank you. The case is submitted.